### In re GMAC INSURANCE MANAGEMENT CORP. OVERTIME PAY LITIGATION

**James Dawkins, et al. v. GMAC Insurance Holdings, Inc., et al., M.D. Florida, C.A. No. 3:03–322**

**Jeffrey Goldston v. GMAC Insurance Management Corp., S.D. Florida, C.A. No. 0:04–60541**

No. 1624.

Judicial Panel on Multidistrict Litigation.

Oct. 29, 2004.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL and DAVID R. HANSEN, Judges of the Panel.

### TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation presently consists of two actions: one action each in the Middle District of Florida and the Southern District of Florida. Before the Panel is a motion by defendant GMAC Insurance Management Corp. (GMAC IMC),[1] pursuant to 28 U.S.C. § 1407, to centralize these actions in the Middle District of Florida. The Integon defendants[2] and National General Insurance Company agree that centralization is appropriate. The Middle Florida plaintiffs do not object to GMAC IMC's Section 1407 motion if this motion is evidence of GMAC IMC's agreement that conditional opt-in class certification is appropriate in the Middle Florida action; if GMAC IMC opposes opt-in class certification, the Middle Florida plaintiffs oppose centralization. The Southern Florida plaintiff opposes the Section 1407 motion.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact arising out of similar allegations that GMAC IMC claims adjusters are entitled to overtime pay under the Fair Labor Standards Act, 29 U.S.C § 201, *et seq.* Centralization under Section 1407 in the Middle District of Florida will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation, while accordingly being necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Middle District of Florida is an appropriate transferee forum for this litigation. We note that i) the first-filed and most advanced action is pending there, and ii) this tribunal has the resources available to manage this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action pending in the Southern District of Florida is transferred to the Middle District of Florida and, with the consent of that court, assigned to the Honorable Harvey E. Schlesinger for coordinated or consolidated pretrial proceedings with the action pending there.

---

1. Formerly known as Integon Corp. (Integon).

2. Integon General Insurance Corp., Integon Indemnity Corp., and Integon Preferred Insurance Co.